FILED
United States Court of Appeals
Tenth Circuit

June 3, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

BARBARA SILVA,

     Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

     Defendant - Appellee.

No. 21-2005
(D.C. No. 1:17-CV-01224-MV-JHR)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.

_____

     Barbara Silva, proceeding pro se,[1] appeals the district court's order dismissing

her lawsuit against the United States as barred by sovereign immunity. For the

reasons explained below, we affirm.

---

     [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.
But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R.
32.1(A).
     [1] We liberally construe pro se filings. _See Garrett v. Selby Connor Maddux &
Janer_, 425 F.3d 836, 840 (10th Cir. 2005). But we do not act as a pro se litigant's
advocate by, for example, "constructing arguments" or "searching the record" for
support. _Id._

Silva's complaint alleges that when first assigning her a Social Security number in 1976, the Social Security Administration negligently assigned her a number that had already been assigned to another individual. The Administration issued her a new and unique Social Security number in 1993. But it did not admit to its initial mistake until 2015, after a senator intervened—and after Silva had allegedly endured decades of negative consequences, including impacts on her credit report and the loss of her military career when the individual who shared her Social Security number declared bankruptcy.

As a result, Silva filed this action, seeking damages from the federal government under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346. A magistrate judge reviewed her complaint and reasoned, "based on the injuries to reputational and economic interests for which . . . Silva is claiming damages," that her claims "sound[ed] in defamation, negligent misrepresentation, interference with contractual rights, and negligent or intentional infliction of emotional distress." R. 196. The magistrate judge concluded that most of these claims were accordingly barred by 28 U.S.C. § 2680(h), which provides that the government may not be sued in tort for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." And the claims that withstood § 2680(h)— negligent or intentional infliction of emotional distress—failed to state a claim for which relief could be granted because Silva's allegations did not satisfy the elements

of these claims under New Mexico law.[2] The magistrate judge therefore recommended dismissing the action for lack of subject-matter jurisdiction. *See JGE ex rel. Tasso v. United States*, 772 F. App'x 608, 611 (10th Cir. 2019) (holding that applicability of FTCA exceptions and "plaintiffs['] fail[ure] to demonstrate analogous tort liability under New Mexico state law, as required by 28 U.S.C. § 1346(b)(1)," are "[b]oth issues [that] implicate the district court's subject-matter jurisdiction because both are conditions on the government's waiver of its sovereign immunity"). The district court agreed with the magistrate judge's analysis and dismissed the action without prejudice.

Silva now appeals. We review de novo the district court's dismissal of the action for lack of subject-matter jurisdiction under the FTCA. *See Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852, 854 (10th Cir. 2005).

Silva first argues that the district court "[e]rroneously congregat[ed] the entire case to [d]efamation and/or discretionary[-]function exceptions." Aplt. Br. 3. But the

_____

[2] The New Mexico Supreme Court has explained that negligent infliction of emotional distress "is an extremely narrow tort that compensates a bystander who has suffered severe emotional shock as a result of witnessing a sudden, traumatic event that causes serious injury or death to a family member." *Fernandez v. Walgreen Hastings Co.*, 968 P.2d 774, 777 (N.M. 1998). And a claim of intentional infliction of emotional distress requires the plaintiff to show "extreme and outrageous conduct," meaning conduct "which is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Trujillo v. N. Rio Arriba Elec. Coop., Inc.*, 41 P.3d 333, 342–43 (N.M. 2001) (quoting Restatement (Second) of Torts § 46 cmt. d (Am. L. Inst. 1965)). As the district court put it, although "the conduct . . . Silva alleges is highly unfortunate and has no doubt caused her emotional distress over many years, she has not made out an actionable case of negligent or intentional infliction of emotional distress under th[is] prevailing law." R. 215.

3

district court did not rely on § 2680(a)'s discretionary-function exception to dismiss the case; indeed, because the government did not invoke this exception, neither the magistrate judge nor the district court even considered it. Nor did the district court "[d]ecide[] that the facts on the case were based only on defamation," as Silva argues. *Id.* at 4. The district court simply agreed with the magistrate judge that, "*to the extent that* . . . Silva claims damages to her reputation as a result of the Administration's false statements, the United States retains immunity" based on § 2680(h)'s exceptions for libel and slander. R. 197 (emphasis added). The magistrate judge and district court also found her complaint to sound in misrepresentation, interference with contractual rights, and negligent or intentional infliction of emotional distress, and the district court explained why these other types of claims also failed to establish subject-matter jurisdiction under the FTCA. And Silva does not address these other aspects of the district court's decision; she only disclaims any intention of raising a defamation claim. This argument is thus based on a misreading of the district court's decision, and it fails to establish reversible error.

Second, Silva argues that the United States should be subject to suit under the FTCA because a private person in the government's position would be liable for the alleged wrongful conduct. However, although the FTCA generally waives sovereign immunity for government torts for which a private person would be held liable, this general waiver is subject to the specific exceptions listed in § 2680(h). *See Ecco Plains, LLC v. United States*, 728 F.3d 1190, 1195 (10th Cir. 2013). And Silva has not shown that the district court erred in concluding that most of her claims were

4

barred by these exceptions. Further, although her emotional-distress claims are not subject to § 2680(h)'s exceptions, she does not cite to any case in which a private person was found liable for the infliction of emotional distress in similar circumstances, nor does she challenge the district court's conclusion that the allegations in her complaint failed to state a valid emotional-distress claim.

Third, Silva appears to argue that the district court erred in dismissing the case for lack of subject-matter jurisdiction because Silva alleged a sufficient injury to establish Article III standing. However, the questions of standing and sovereign immunity are separate inquiries; both must be satisfied in order for a plaintiff to proceed in a suit against the government. *See Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 631 (10th Cir. 1998) (addressing question of sovereign immunity after separately holding that plaintiffs "alleged a sufficient 'injury-in-fact' for purposes of Article III standing"). Regardless of whether Silva established Article III standing, the district court could not exercise subject-matter jurisdiction over claims for which the government had not waived its sovereign immunity. *See JGE*, 772 F. App'x at 611.

Lastly, Silva's reply brief includes several new arguments. For instance, she seems to raise a new theory of government liability, suggesting that the district court should have treated her complaint as an action under the Administrative Procedures Act or some other statute, rather than as an FTCA action. But "issues raised by an appellant for the first time on appeal in a reply brief are generally deemed waived," even when the appellant is pro se. *Wheeler v. Comm'r*, 521 F.3d 1289, 1291 (10th

5

Cir. 2008). We accordingly will not address the issues that Silva raises for the first time in her reply brief. *See id.*

In conclusion, we agree with the district court that "the conduct . . . Silva alleges is highly unfortunate," but these unfortunate circumstances do not negate her responsibility to establish a valid claim for relief against the government. R. 215. Because Silva has not shown that the district court erred in dismissing this action without prejudice based on the government's sovereign immunity under the FTCA, we affirm.

Entered for the Court

Nancy L. Moritz
Circuit Judge